UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVSION

| | |
|---|---|
| STACEY IRENE BREWER, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM C. GROSSMAN, PLLC, DEBORAH ANN WINSLOW, <br><br> Defendants. | 2:17-CV-13609-TGB <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DKT. 13) |

This is a case brought under the Fair Debt Collection Practices Act (FDCPA), and Michigan's Regulation of Collection Practices Act (MCPA). Plaintiff Stacey Irene Brewer ("Plaintiff") alleges that Defendants William C. Grossman, PLLC (a law firm) and Deborah Ann Winslow (an attorney) (collectively "Defendants") violated these statutes by suing Plaintiff twice in Michigan state court to collect a debt that Plaintiff contends was invalid.

Defendants' have moved to dismiss (Dkt. 13), arguing that Plaintiff's FDCPA claim is barred by that statute's one-year statute of limitations, and that Plaintiff fails to state a valid MCPA claim. Plaintiff filed a response brief (Dkt. 14), and Defendants filed a reply (Dkt. 15). Having reviewed the record, the Court finds that oral argument will not aid in deciding Defendants' motion. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

## MATERIAL FACTS

Plaintiff alleges that Defendants filed two state court collection lawsuits against her on April 1, 2016 on behalf of the creditor CACH, LLC, which were served on Plaintiff on April 17, 2016 (Dkt. 1, Compl., ¶¶ 8-11, 17). Plaintiff alleges that she was not the person identified in either complaint and that "she might be a victim of identity theft." *Id*. at ¶ 14. Plaintiff defended both lawsuits, including by opposing Defendant's motions for summary disposition. *See id*. at ¶¶ 13, 20-21. On February 22, 2017, the state court lawsuits were dismissed with prejudice. *See id*. at ¶¶ 33-34. Plaintiff alleges that Defendants' "actions to collect" the debt from her in the state court litigation violated the MCPA and the FDCPA. *See id*. at ¶¶46, 51. Plaintiff further alleges that letters sent by Defendant Grossman to Plaintiff on November 3, 2016 – during the

pendency of the state court litigation – misrepresented the balance of the debts in violation of the MCPA and FDCPA. *See id.* at ¶¶26-30, 46, 51.

Plaintiff filed this lawsuit on November 3, 2017 (Dkt. 1).

## ANALYSIS

### A. Standard of Review

A party may move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with the pleading standard set forth in Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–68 (2009). This standard does not require detailed factual allegations. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a party's "obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). To survive a Rule 12(b)(6) motion, the complaint and any other matters properly considered must contain "sufficient factual matter,

3

accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court, drawing upon its "judicial experience and common sense," to reasonably infer that the defendant is liable for the misconduct alleged. Id. at 678 (citing *Twombly*, 550 U.S. at 556), 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Rule 8(a)(2)).

"A motion to dismiss based on the expiration of the statute of limitations is analyzed under Rule 12(b)(6)." *Dykema Excavators, Inc. v. Blue Cross & Blue Shield of Michigan*, 77 F. Supp. 3d 646, 652 (E.D. Mich. 2015) (internal quotation omitted). "Like other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted 'when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief.'" *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (quoting *Ott v. Midland–Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir. 1975)); *see also Berry v. Chrysler*

4

*Corp.*, 150 F.2d 1002, 1003 (6th Cir. 1945) (stating that "[t]he defense of the statute of limitations is covered by [Rule 12(b) ](6), and therefore is properly raised by motion").

### B. Plaintiff's FDCPA Claim is Time-Barred

"Among the basic policies served by statutes of limitations is preventing plaintiffs from sleeping on their rights and prohibiting the prosecution of stale claims." *Wright v. Heyne*, 349 F.3d 321, 330 (6th Cir. 2003) (citing *Board of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 487–88, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)). To avoid a statute of limitations bar, a plaintiff must commence its action within a prescribed time frame measured from the date the claim accrues. *See Fonseca v. Consol. Rail Corp.*, 246 F.3d 585, 590 (6th Cir. 2001). A statute of limitations claim therefore has three variables: the date the claim accrues; the date the action is commenced; and the permissible period of delay between those two events.

An FDCPA action generally must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). In an action contending that a lawsuit was filed in violation of the FDCPA, the statute of limitations begins to run when the debt-collection suit is filed rather

5

than when the trial court issues its judgment. *See Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 258 (6th Cir. 2014) citing *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997).

Plaintiff acknowledges that Defendants filed the state court lawsuits against her more than one year prior to her filing the Complaint in this case. This is evident on the face of the Complaint. Plaintiff claims that Defendants sued her on April 1, 2016 (Dkt. 1 ¶ 8). Plaintiff filed this lawsuit more than one year later – on November 3, 2017. Plaintiff attempts to avoid the statute of limitations by arguing that Defendants' continued actions to collect the underlying debt during the pendency of the state court litigation – including sending her demand letters – constitute continuing harms that operated to reset the statute of limitations. However, the Sixth Circuit explicitly rejected this "continuing-violation" argument in *Slorp*, holding that "when a debt collector initiates a deceptive, abusive, or otherwise unfair lawsuit, there is no doubt that the FDCPA claim—insofar as it is viable—accrues on that date. Although the subsequent prosecution of that suit may exacerbate the damages, the continued accrual of damages does not diminish the fact that the initiation of the suit was a discrete,

immediately actionable event." That event marks the start of the limitations period. *Slorp*, 587 F. App'x at 258. As such, based on the relevant Sixth Circuit case law, Plaintiff's FDCPA claim is time-barred and must be dismissed.

### C. The Court Declines to Exercise Supplemental Jurisdiction over Plaintiff's Remaining State Law Claim

Having dismissed Plaintiff's only federal claim, the Court is left with Plaintiff's state law claim under Michigan's Collection Practices Act. There is no diversity jurisdiction in this matter, as Plaintiff and Defendant Deborah Ann Winslow are both Michigan residents (Dkt. 1 ¶¶ 5, 7). Thus, this state law claim may lie in this Court only by virtue of supplemental jurisdiction, as an adjunct to Plaintiff's FDCPA claim. A district court's supplemental jurisdiction is governed by statute, specifically, 28 U.S.C. § 1367. The relevant portion of § 1367 states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> 
> (1) the claim raises a novel or complex issue of State law,
> 
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> 
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> 
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction

7

28 U.S.C. § 1367(c)

The Supreme Court, in *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009), further expounded on § 1367(c), stating that "[w]ith respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary" (internal citations omitted). The Supreme Court has also noted that a district court, when considering whether or not to exercise its supplemental jurisdiction over state-law claims, after the dismissal of original jurisdiction claims, should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173, (1997).

Here, Plaintiffs' state law MCPA claim rests on allegations that involve litigation in state courts. This lawsuit is still in its early stages; Defendant has not even filed an Answer to the Complaint. Since the Court already dismissed Plaintiff's sole federal claim, and in the interest

of judicial economy and fairness to all of the parties, the Court hereby declines to exercise supplemental jurisdiction over Plaintiff's state law claim. Therefore, Plaintiff's state law MCPA claim is dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (Dkt. 13) is hereby **GRANTED**. Plaintiff's FDCPA is hereby **DISMISSED WITH PREJUDICE**, and Plaintiff's MCPA claim is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2018

## **Certificate of Service**

    I hereby certify that this Order was electronically submitted on September 28, 2018, using the CM/ECF system, which will send notification to each party.

                                                s/A. Chubb
                                                Case Manager